UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                    Case No. 17-30961-WRS
                                                                         Chapter 7
TIMOTHY THOMAS MCCALLAN,

    Debtor.

CARLY B. WILKINS,

    Plaintiff,                                        Adv. Proc. No. 18-03084

v.

JEANNE MCCALLAN,

    Defendant.

## MEMORANDUM DECISION

This adversary proceeding is before the Court on Defendant Jeanne McCallan's Motion for Summary Judgment and Plaintiff Carly Wilkins' Response in Opposition. (Docs. 73 & 81, respectively). For the reasons set forth below, the Court interprets the Defendant's Motion for Summary Judgment as a Motion for Partial Summary Judgment, which is denied.

### I. Facts and Background Information

The Debtor, Timothy Thomas McCallan, commenced the underlying Chapter 7 case on November 18, 2016 by filing a voluntary petition under Chapter 7 in the Middle District of Florida. That case was subsequently transferred to this Court on March 30, 2017, pursuant to FED. R. BANKR. P. 1014(b). (Case No. 17-30961, Doc. 61). On October 10, 2018, Debtor's Chapter 7 Trustee, Carly B. Wilkins, commenced the instant adversary proceeding against Debtor's wife, Defendant Jeanne McCallan, in an attempt to recover fraudulent transfers allegedly exceeding $10 million in value. (Doc. 1). Plaintiff amended her complaint on November 14, 2018. (Doc. 10).

Defendant answered Plaintiff's on January 24, 2019 and demanded a jury trial. (Docs. 10 & 20, respectively).

The Debtor's fraudulent operation began in earnest in Florida under the auspices of the Hess-Kennedy Law firm, with Laura Hess, a Florida-licensed attorney, ostensibly offering legal services to help clients escape from financial despair. *In re Allegro Law, LLC*, 545 B.R. 675, 682 (Bankr. M.D. Ala. 2016). In reality, Hess did little more than collect money from the clients and funnel the lion's share of the money generated by substantial up front fees to the Debtor or one of the Debtor's numerous corporate entities; all while the clients' debts balloon due to non-payment on their debt. *Id.*

Eventually, the Debtor was forced to expand into Alabama after the State of Florida took action against the Hess-Kennedy Law Firm in 2008. *Id.* The Debtor's Alabama operation was fronted by Keith Nelms, an Alabama-licensed attorney. *Id.* Allegro was created specifically to facilitate Debtor's operation through Nelms; Nelms owned 100% of Allegro Law, but through various contracts for services, all of client data and money flowing through Allegro was handled exclusively by AmeriCorp and Seton, two entities owned entirely by the Debtor. *Id.* The State of Alabama eventually caught wind of Allegro and placed the business in receivership. *Id.* This forced Nelms to voluntarily file a chapter 7 petition in 2010. *In re Nelms*, 2014 WL 3700511 at *3-4 (Bankr. M.D. Ala July 24, 2014).

Once Nelms' Chapter 7 Trustee, Daniel Hamm, learned of Nelms' ownership of Allegro, Hamm placed Allegro Law and Allegro Financial, another arm of the operation owned by Nelms, in their own chapter 7 bankruptcies. *Id.* Hamm eventually brought suit against the Debtor, AmeriCorp, and Seton to recover the funds siphoned from the thousands of victims. *Allegro Law*,

545 B.R. at 684.  Eventually, the Court entered a $102,949,220.72 judgment against the Debtor, AmeriCorp, and Seton and in favor of Hamm on February 16, 2016.[1]

Through the efforts of Allen Carroll, a forensic accountant, during the post-judgment discovery phase and subsequent contempt proceedings against the Debtor, the Trustee discovered a vast number of corporate entities owned or controlled by the Debtor, including the entities relating to the Trustee's claims in this adversary proceeding, namely Seton Corporation, AmeriCorp, The Achievable, Inc., Intermark Communications, Inc., Vortex Debt Group, WAV Team, Inc., Clear Blue Debt Solutions, Inc., and Birdman, LLC, as well as trusts, bank accounts, and other financial assets.  This adversary proceeding is one of the last unresolved efforts by Wilkins to wrest control of the ill-gotten gains amassed and subsequently secreted by Timothy McCallan through his multi-year, multi-state, and multi-entity fraudulent debt settlement scheme.

## II.  Legal Analysis

This is an adversary proceeding to recover transfer made by the Debtor to his wife, Defendant Jeanne McCallan.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) and 157(a).  This is not a final order.

### A. Plaintiff's Causes of Action

Counts one through seven of Trustee's Amended Complaint represent the Trustee's efforts to utilize her strong arm powers under 11 U.S.C. §§ 544, 548, and 550 to avoid and recover prepetition transfers made by the Debtor or one of his controlled entities to the Defendant under

---

[1] Daniel Hamm retired before the issuance of the judgment and was succeeded as Trustee by Carly B. Wilkins, the Plaintiff in this case.

either New York, Florida, or Alabama state laws. Specifically, counts one through five of Plaintiff's Amended Complaint are avoidance and recovery of fraudulent transfers pursuant to sections 273, 273-a,[2] 274, 275, and 276 of New York Debtor & Creditor Law, count six is predicated on sections 726.105 and 726.106 of the Florida Statutes, and count seven is based on sections 8-9A-4 and 8-9A-5 of the Alabama Code.

Count eight is based on 11 U.S.C. § 549 and is an effort to avoid and recover postpetition transfers made by the Debtor or on of his controlled entities to the Defendant. Count nine demands that the Defendant turnover any property of the Debtor's bankruptcy estate currently in her possession or control pursuant to 11 U.S.C. § 542. Count ten demands an accounting of all of the property the Defendant received as a result of the transfers from the Debtor or one of his controlled entities.

### B. Summary Judgment Standard

Motions for summary judgment are governed by FED. R. CIV. P. 56(a), as incorporated by FED. R. BANKR. P. 7056. Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is considered material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Additionally, a genuine dispute arises only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* When considering a motion for summary judgment, "the [bankruptcy] court should resolve all reasonable doubts about the facts in favor of the non-

---

[2]Section 273-a was repealed by L.2009, c. 580, § 2, eff. April 4, 2020.

movant, and draw all justifiable inferences in [its] favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

When the moving party is not the party that would bear the burden of proof at trial,

> the moving party is not required to support its motion with affidavits or other similar material *negating* the opponent's claims in order to discharge this initial responsibility. Instead, the moving party simply may show [] –that is, point[] out to the [bankruptcy] court– that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial.

*United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437-38 (11th Cir. 1991) (citations, footnote, and internal quotation marks omitted; emphasis in original).

In such an instance, if the movant claims a lack of evidence to support the non-movant's claims, the non-movant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party." *Fitzpatrick*, 2 F.3d at 1116 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986) (Brennan, J., dissenting)). Alternatively, the non-movant "may come forward with additional evidence to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." *Id.* at 1117 (citation omitted). If the movant submits affirmative evidence, then "the non-movant must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." *Fitzpatrick*, 2 F.3d at 1116.

### C. Defendant Has Not Carried Her Burden

Returning to the case at bar, the Defendant's Motion only addresses Counts one through seven, in various depths, while alluding briefly to the factual allegations made by the Trustee in

5

Case 18-03084    Doc 85    Filed 03/26/21    Entered 03/26/21 16:46:52    Desc Main
Document      Page 5 of 7

counts eight and nine, and completely ignoring count ten. As such, the Court treats the Motion as a Motion for Partial Summary Judgment as to the counts addressed. As the party who will not bear the ultimate burden of proof at trial, the Defendant was not required to submit evidence to attack the Trustee's claims, and in fact chose not to. The motion was unaccompanied by depositions, exhibits, or affidavits. Defendant, through her Motion and arguments through counsel, alleges that the Trustee has failed to show evidence to support a genuine dispute of material fact sufficient to sustain her causes of action. In her response, the Trustee attached several exhibits including deposition transcripts of the Defendant's deposition, bank statements, images of deposited checks, and the transcript of Allen Carroll, a forensic accountant. (Docs. 81 & 82).

In both the Defendant's Motion and at the February 3, 2021, hearing, the Defendant conceded that the transfers alleged in the Amended Complaint actually occurred. The Defendant advanced a statute of limitations defense in her motion, but conceded that there are material facts in dispute regarding that issue. The crux of Defendant's position on the motion is that Trustee cannot support claims for fraudulent transfers because the accounting performed by the Trustee's forensic accountant was flawed and therefore cannot support the Trustee's claims of Debtor's insolvency when the transfers occurred.

Insolvency is a heavily fact-based determination, as such, "a finding on the issue of insolvency often depends upon the factual inferences and conclusions of expert witnesses which, when controverted, do not lend themselves readily to summary judgment resolution." *Klein v. Tabatchnick*, 610 F.2d 1043, 1048 (2d Cir. 1979) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)). Such is the case here. The dispute between Trustee and Defendant is genuine, and the issue of Debtor's insolvency is material; therefore, the Defendant is not entitled to summary judgment as to counts 1, 2, 3, 4, 5, 6, and 7 of the Amended Complaint.

Case 18-03084   Doc 85   Filed 03/26/21   Entered 03/26/21 16:46:52   Desc Main
Document    Page 6 of 7

Additionally, the Defendant has not established a lack of genuine issue of material fact regarding the disposition of either the post-petition transfers or the return of all property of the Debtor's estate held by the Defendant. As such, the Defendant is not entitled to summary judgment as to counts eight and nine.

### III. Conclusion

Despite Defendant's arguments to the contrary, there is still a genuine issue as to Debtor's insolvency when the transfers to the Defendant were made as well as the disposition of postpetition transfers and the Defendant's possession of property of the Debtor's estate. Accordingly, the Defendant is not entitled to summary judgment as to Counts 1, 2, 3, 4, 5, 6, 7, 8 and 9 of the Amended Complaint. The Court will enter an order denying Defendant's Motion by way of a separate document.

Done this 26th day of March, 2021.

William R. Sawyer
United States Bankruptcy Judge

c: Steve Olen, Attorney for Plaintiff
Carly B. Wilkins
Michael A. Fritz, Sr., Attorney for Defendant
Scott D. Widerman, Attorney for Defendant